**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEONTE VONDELL SPICER, | No. 20-55434 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00717-CJC-ADS |
| v. | |
| J. BUNSOLD, UA Officer or CO, in individual and official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Federal prisoner Deonte Vondell Spicer appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his

action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics*, 403 U.S. 388 (1971), alleging an Eighth Amendment claim.  We have

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), and we affirm.

The district court properly granted judgment because Spicer failed to exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See id.* at 1172 (setting forth exhaustion framework under the Prison Litigation Reform Act ("PLRA")); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances in which administrative remedies are unavailable); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (requiring PLRA exhaustion for federal prisoners' *Bivens* actions).

We do not consider Spicer's argument, raised for the first time on appeal, that his due process rights were violated. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

We reject as unsupported by the record Spicer's contention that he was prevented from seeking discovery before the district court.

Spicer's pending motions are denied.

**AFFIRMED.**